UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CATAMOUNT PROPERTIES 2018, LLC,

    Plaintiff,

    v.

FRASBERG SELASSIE,

    Defendant.

Case No. 2:19-cv-00962-RFB-CWH

**ORDER**

Before the Court is Defendant's application to proceed *in forma pauperis* and petition for removal (ECF No. 1), Plaintiff's Motion to Remand (ECF No. 4), and Plaintiff's Motion to Shorten Time (ECF No. 5).

Defendant sought leave to remove the instant unlawful detainer action from Nevada state court on June 6, 2019. ECF No. 1. Defendant asserts that this Court has federal question subject matter jurisdiction based on an alleged violation of 12 U.S.C. § 2601 *et seq.*, the Real Estate Settlement Procedures Act.

On June 10, 2019, Plaintiff filed the instant Motion to Remand and Motion to Shorten Time. ECF Nos. 4, 5. Plaintiff argues that 12 U.S.C. § 2601 *et seq.* has no application to the instant state foreclosure and unlawful detainer action. Plaintiff further requests that the Court shorten the time in which Defendant's Motion to Remand is to be heard because Defendant is making alterations to the property in dispute.

Federal courts are courts of limited jurisdiction. In re Hunter, 66 F.3d 1002, 1005 (9th Cir. 1995). A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). "Removal and subject matter

jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Federal courts have original jurisdiction over actions arising under federal law. 28 U.S.C. § 1331. A case arises under federal law if the federal question appears on the face of the plaintiff's well-pleaded complaint. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

The Court finds that it lacks subject matter jurisdiction in this matter. Plaintiff's complaint presents only a state law claim for unlawful detainer. ECF No. 1-1 at 8–10. Compliance with the Real Estate Settlement Procedures Act is not a necessary element of a Nevada unlawful detainer claim. See Nev. Rev. Stat. Ann. §§ 40.250–255. Plaintiff plainly presents no federal question on the face of its complaint.

**IT IS ORDERED** that Plaintiff's Motion to Shorten Time (ECF No. 5) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 4) is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Petition for Removal is DENIED and Defendant's application to proceed *in forma pauperis* is DENIED as moot.

**IT IS FURTHER ORDERED** that this case is remanded to state court and back to the Las Vegas Justice Court, Clark County, Nevada, Case Number 19C011528. The Clerk of Court is directed to close this case.

DATED: June 14, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**